[Cite as *In re AK*, 2016-Ohio-351.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| A.K. | ) | |
| | ) | CASE NO. 14 BE 54 |
| | ) | |
| | ) | OPINION |
| | ) | |
| | ) | |

CHARACTER OF PROCEEDINGS:        Civil Appeal from Court of Common Pleas, Juvenile Division, Belmont County, Ohio
Case No. 13 JA 731

JUDGMENT:        Reversed, Disposition Order Vacated and Remanded.

APPEARANCES:
For Plaintiff-Appellee        Daniel P. Fry
Prosecuting Attorney
Scott Lloyd
Assistant Prosecuting Attorney
147-A West Main Street
St. Clairsville, Ohio 43950

For Defendant-Appellant        Attorney Charlyn Bohland
Assistant State Public Defender
250 East Broad Street
Suite 1400
Columbus, Ohio 43215

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated:  February 1, 2016

DeGENARO, J.

**{¶1}** A.K., a minor, appeals the Belmont County Juvenile Court's decision committing him to the Ohio Department of Youth Services (DYS) and placing him on probation for the same offense. He further asserts his counsel was ineffective. We do not reach the merits of A.K.'s argument as the juvenile court committed two significant errors affecting the minor's substantial rights. Accordingly, the judgment of the juvenile court is reversed, the October 29, 2014 disposition order is vacated and this matter is remanded for the juvenile court to conduct a new disposition hearing.

**{¶2}** On October 8, 2013, a complaint was filed in the Belmont County Juvenile Court, alleging that 15-year-old A.K. was delinquent for committing two counts of rape in violation of R.C. 2907.02(A)(1)(b). The adjudicatory hearing was held on October 7, 2014, and the State proceeded solely on count one. On October 10, 2014, the juvenile court adjudicated A.K. delinquent on count one, rape. A presentence investigation was conducted and filed with the juvenile court on October 27, 2014.

**{¶3}** On October 29, 2014, the disposition hearing was held and the juvenile court committed A.K. to the Ohio Department of Youth Services for a minimum period of one year to a maximum period not to exceed his 21st birthday. Further, the juvenile court placed A.K. on probation. A timely appeal followed. On March 11, 2015, A.K. motioned this Court for a limited remand to allow the juvenile court to enter an order regarding count two of the complaint. The juvenile court dismissed count two in an April 3, 2015 Nunc Pro Tunc entry.

**{¶4}** Although a transcript of the proceedings was requested in the precipe, a notice filed with this Court indicated that due to inadequate digital audio recordings, a transcript of proceedings of the disposition hearing could not be produced. Pursuant to App.R. 9(C), A.K. filed an amended statement of proceedings in lieu of a transcript. The juvenile court approved the statement as submitted by A.K.

**{¶5}** In his first of two assignments of error, A.K. asserts:

The juvenile court exceeded its statutory authority and abused its

discretion when it committed A.K. to DYS, and also placed him on indefinite juvenile court probation for the same offense. R.C. 2152.19(A)(4); R.C. 2152.22(A); Fourteenth Amendment to the U.S. Constitution; and Article I, Section 16, Ohio Constitution. (A-1; A-3; Oct. 29, 2014 Journal Entry, pp. 1-2; May 15, 2015 Entry, p.1).

**{¶6}** The juvenile court has jurisdiction over a child who has been adjudicated a delinquent child prior to attaining 18 years of age until the child attains 21 years of age. R.C. 2152.02(C)(6). The juvenile court has the discretion to implement any order "'necessary to fully and completely implement the rehabilitative disposition of a juvenile.'" *In re Caldwell*, 76 Ohio St.3d 156, 159, 1996-Ohio-410, 666 N.E.2d 1367 quoting *In re Bremmer*, 8th Dist. No. 62088, 1993 WL 95556, *4 (Apr. 1, 1993). The rationale behind such discretion is that the court "has the opportunity to see and hear the delinquent child, to assess the consequences of the child's delinquent behavior, and to evaluate all the circumstances involved." *Caldwell* at 160–161.

**{¶7}** A juvenile court's order of disposition will not be reversed absent an abuse of discretion. *In re D.S.*, 111 Ohio St.3d 361, 2006-Ohio-5851, 856 N.E.2d 921, ¶ 6. "An abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *Downie v. Montgomery*, 7th Dist. No. 12 CO 43, 2013-Ohio-5552, ¶ 50. As this Court has no disposition transcript to review, it must presume the regularity of the court's proceedings. *Salcedo v. Zdrilich*, 7th Dist. No. 02-CA-38, 2003-Ohio-4607, ¶1.

**{¶8}** A.K. argues that there is a conflict in the revised code regarding dispositions. Specifically A.K. argues that R.C. 2152.19(A)(4) and R.C. 2152.22(A) differ and as such the latter prevails. However, we need not address A.K.'s argument regarding a conflict because the juvenile court has committed two significant errors requiring this Court to reverse and remand this matter for a new disposition hearing.

**{¶9}** "Plain error exists where there is an obvious deviation from a legal rule

that affected the defendant's substantial rights by influencing the outcome of the proceedings." *In re T.J.W.*, 7th Dist. No. 13 JE 12, 13 JE 13, 13 JE 14, 2014-Ohio-4419, ¶ 11. (internal citations omitted). Although the doctrine of plain error is rooted in criminal law, the Supreme Court of Ohio has recognized the application of the plain error doctrine in civil cases under exceptional circumstances. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122–123, 1997-Ohio-401, 679 N.E.2d 1099. "In a civil proceeding, plain error involves the exceptional circumstances where the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself." *In re Hall*, 9th Dist. No. 20658, 2002-Ohio-1107, *2 citing *In re Etter,* 134 Ohio App.3d at 492.

**{¶10}** The juvenile court has committed two significant errors rising to the level of plain error. First, when comparing the October 29, 2014 disposition order and the May 15, 2015, App.R. 9(C) entry, there is a clear inconsistency regarding the classification of A.K.'s probation. The October entry states that A.K. was "placed on probation on terms." The May App.R. 9(C) entry states that the court ordered A.K. "placed on probation for an indefinite period of time, for Count I." The juvenile court judge did not recognize this inconsistency and signed the entry. However, "probation on terms" and "indefinite probation" are wholly different dispositions and it remains unclear as to what, if any probation, A.K. may have received as a term of disposition.

**{¶11}** Secondly, the juvenile court committed A.K. to the legal custody of DYS for an indefinite term consisting of one year to a maximum period not to exceed the child's attainment of the age of 21. However, in the same disposition order, the juvenile court placed A.K. on probation with the only term being "regular contact and home visits with the child and the child's family." This is internally inconsistent and a legal impossibility for the juvenile to accomplish. A.K. could not be committed and housed at DYS while also having regular contact and home visits with his family.

**{¶12}** We intentionally do not address whether R.C. 2152.19(A)(4) and R.C. 2152.22(A) are in conflict in the present matter. However, we do agree with the minor child that the matter should be remanded for a new disposition hearing, albeit for a

different reason: that the juvenile court committed plain error.

**{¶13}** In his second of two assignments of error, A.K. asserts:

A.K. was denied the effective assistance of counsel, in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution; Section 10, Article I, Ohio Constitution. (A-1; A-3; Oct. 29, 2014 Journal Entry, pp. 1-2; May 15, 2015 Entry, p.1).

**{¶14}** In light of our resolution of A.K.'s first assignment of error, this alleged error is moot. See App.R. 12(A)(1)(c).

**{¶15}** Accordingly, the judgment of the juvenile court is reversed. The October 29, 2014 disposition order is vacated, and this matter is remanded for the juvenile court to conduct a new disposition hearing.

Donofrio, P. J., concurs

Robb, J., concurs